United States District Court
Southern District of Texas
**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J.B. BLACK, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H- 21-04231 |
| § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., § | |
| *et al.*, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for summary judgment filed by defendant and counter-plaintiff First Service Credit Union ("FSCU"). Dkt. 20. Plaintiff J.B. Black is *pro se* and has not responded to FSCU's motion for summary judgment. Under Southern District of Texas Local Rule 7.4, failure to respond is taken as lack of opposition. S.D. Tex. L.R. 7.4. After considering the motion, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

Black filed suit against FSCU and several other defendants in state court on August 2, 2021. Dkt. 1, Ex. B. Black asserted violations of Texas statutory and tort law because he was denied financing to purchase a home after providing $160,000 in equity, and he contends that the defendants did not accurately report his credit information, among other claims. *Id.* FSCU filed an answer and a breach-of-contract counterclaim on October 1, 2021. Dkt. 1, Ex. R. FSCU asserts that it loaned Black $15,000 in February 2019, and Black had agreed to start making payments on that loan in March 2019, which was actually three months after Black was allegedly the financing that is the subject of his complaint. *Id.* FSCU contends that Black made one payment of $400 and

never made another payment. *Id.* FSCU alleges that Black defaulted on his payment plan, it sent him a notice of default, and the default was not timely cured. *Id.* It therefore accelerated the maturity of the payment plan, and the full remaining balance of $14,611.06, along with interest, is due. *Id.* FSCU also seeks reasonable attorneys' fees and costs. *Id.*

Black amended his state-court petition after FSCU filed its answer and counterclaim. Dkt. 1, Ex. T–V. In the amended petition, he no longer asserted claims against FSCU. *See* Dkt. 1, Ex. T–V. The most recent amendment, filed on December 22, 2021, also does not include FSCU. Dkt. 1, Ex. Y. It does, however, include a claim under the federal Fair Credit Reporting Act, and defendant Webbank Corporation removed the case to this court based on that federal claim. Dkt. 1 & Ex. Y. FSBU consented to the removal. Dkt. 1.

FSBU filed a motion for summary judgment seeking judgment in its favor on its breach of contract claim on January 24, 2022. Dk. 20. Black did not respond to the motion, and it is now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most

favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

In Texas, "'[t]he essential elements of a breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.). FSCU provides evidence that Black applied for a loan, FSCU accepted the application and loaned him $15,000 in exchange for a promise to pay, Black only made one payment of $400 and then breached his promise to pay, a balance remains on his loan of $14,611.06 (the $15,000 minus the portion of the $400 payment that went to principal rather than interest), and FSCU is damaged because it did not receive payments and interest for the loan. *See* Dkt. 20, Halstead Aff. & Exs. A, B, C. D. This evidence is sufficient to support all of the elements of FSCU's breach of contract claim, and Black has not refuted the evidence. The court therefore GRANTS FSCU's motion for summary judgment on its breach of contract counterclaim. FSCU is entitled to recover its $14,611.06 plus prejudgment interest at a rate 7.59% per annum[1] from July 23, 2019, until the date of final judgment and post-judgment interest in accordance with 28 U.S.C. § 1961.

FSCU also seeks attorney's fees in accordance with Texas law. Dkt. 20. It provides an affidavit supporting a request for $4,583.00 in fees. Dkt. 20 & Abrea Aff. The total amount of attorney time spent on this matter is 13.1 hours, billed by two attorneys with over twenty years of

---

[1] This is the contractual interest rate.

3

experience each at rates of $340 and $350 per hour.  Dkt. 29 & Abrea Aff.  The court finds that both the rate and the hours expended are reasonable.  The court therefore AWARDS $4,583.00 in fees.  Costs will be awarded pursuant to 28 U.S.C. § 1920 on the date of the final judgment in this case.

### IV. CONCLUSION

FSCU's motion for summary judgment on its counterclaim and its request for reasonable attorney's fees is GRANTED.  The court will enter a final judgment after all claims in this case have been adjudicated.

Signed at Houston, Texas on February  22, 2022.

_____
Gray H. Miller
Senior United States District Judge