United States District Court
Southern District of Texas
**ENTERED**
February 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J.B. BLACK, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H- 21-04231 |
| § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., § | |
| *et al.*, § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion for a more definite statement filed by defendant Truist Bank. Dkt. 21. Plaintiff J.B. Black, who is pro se, has not filed a response to the motion. Under Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. After considering the motion, Local Rule 7.4, and the applicable law, the court is of the opinion the motion should be GRANTED.

**I. BACKGROUND**

Black filed suit against Truist and several other defendants in state court on August 2, 2021. Dkt. 1, Ex. B. Black asserted claims for breach of contract, libel, and various violations of Texas statutes because he was denied financing to purchase a home after providing $160,000 in equity. *Id.* He contends that the defendants did not accurately report his credit information, among other claims. *Id.*

Black amended his claims on October 21, 2021, and Truist filed Special Exceptions on November 29, 2021, requesting that the state court require Black to replead his claims with more specificity. Dkt. 21 & Ex. A. Black amended his claims again on December 22, 2021, but he did not substantially change his claims against Truist. *See* Dkt.. 21. On December 31, 2021, the case

was removed by another defendant; the state court had not ruled on the Special Exceptions. *See* Dkt. 1; Dkt. 21.

In Black's second amended petition, he asserts claims against Truist and multiple other companies for breach of contract, TDCA violations, FCRA violations, DTPA violations, defamation, and libel. Dkt. 21. He alleges that Truist is a "Reporting Agency" as defined in the Texas Finance Code section 392.001(4).[1] Dkt. 1-25. He contends that as a result of Truist and other financial institutions, he lost equity in the real property he wanted to purchase and that the actions of Truist and the other defendants "constitution willful noncompliance with the TDCA." *Id.* He provides a laundry list of failures on the part of the defendants as a group. *Id.* The list includes sixteen things that Truist and fifteen other financial institutions, insurance companies, and other companies allegedly failed to do such as failure to accurately report credit information, delete unverified debt, and delete debt as a result of identity theft. *See id.* He further says Truist, along with fourteen other companies, violated section 392.202 of the TDCA by failing to properly investigate disputed matters on Black's credit or failing to remove disputed items. *Id.*

## II. LEGAL STANDARD

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, motions for more definite statement are "generally disfavored." *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.*, No. H-09-0672, 2009 WL 1504977, at *1 (S.D. Tex. May 28, 2009) (Rosenthal, J.) (collecting authorities). "When a

---

[1] This section does not define "reporting agency"; it defines a "credit bureau" as "a person who, for compensation, gathers, records, and disseminates information relating to creditworthiness, financial responsibility, and paying habits of, and similar information regarding, a person for the purpose of furnishing that information to another person." Tex. Fin. Code Ann. § 392.001(4).

2

defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Id.* If a court determines that Rule 12(e) relief is appropriate, if the order for a more definite statement "is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

### III. ANALYSIS

While in some situations a plaintiff can refer to defendants collectively in a complaint and it is still clear what the claims are against each defendant, this is not that type of situation. Black contends Truist (and all the other defendants) breached a contract without identifying what type of contract it is. He alleges a long list of Texas statutory violations by multiple defendants collectively, but he does not state what failures are allocated to Truist as opposed to the many other defendants. Black alleges defamation and libel but does not identify a specific defamatory statement or libelous publication and instead alleges that all defendants "published erroneous statements regarding Plaintiff's credit information asserting it as a fact." Dkt. 1-25.

The court agrees with Truist that a more definite statement is needed before Truist can reasonably prepare a response. While Rule 12(e) motions are disfavored, in this situation, the defendants must know which claims Black is asserting against them specifically and at least some basic facts about what relationship each of these defendants have with him. While presumably—reading between the lines—Black is contending Truist made some kind of negative report to a credit agency that impacted Black's ability to obtain financing for real property, and one could infer that perhaps Black had some kind of loan or financial contract with Truist, it is unclear what type of contract and what Truist did that Black believes was a breach and how that breach led to

the damage he asserts of losing his earnest money. While certainly there is some appeal to having a "short and plain statement" (*see* Fed. R. Civ. P. 8), it has to be "plain"; this complaint asserting multiple claims against eighteen different defendants collectively is not. Black needs to give more details about how Truist's actions, specifically, led to Black's damages.

### IV. CONCLUSION

Truist's motion for a more definite statement under Rule 12(e) (Dkt. 21) is GRANTED. While the instant motion is made, specifically, by Truist, certainly all of the defendants could similarly move for a more definite statement. The court therefore caters its order to Truist, but it urges Black to correct his complaint as to the other defendants as well as Truist in the interest of judicial economy. Black is ORDERED to amend his petition to more clearly indicate what his relationship with Truist, is, what type of contract he had with Truist individually, what action Truist took that Black believes put it in breach of the contracts and/or violated Texas and federal statutes, and what statements Truist made that Black alleges were defamatory or libelous. Truist—and all the defendants—must be able to figure out what Black is accusing them of so that they can formulate answers and this case can move on to discovery.

Black is ORDERED to file an amended complaint within fourteen days of the date of this order. If Black fails to do so, the court will dismiss Black's claims against Truist.

Signed at Houston, Texas on February 24, 2022.

_____
Gray H. Miller
Senior United States District Judge