United States District Court
Southern District of Texas
**ENTERED**
March 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J.B. BLACK, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H- 21-04231 |
| § | |
| TRUIST BANK, et al., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant Experian Information Solution, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for a more definite statement under Rule 12(e). Dkt. 16. Plaintiff J.B. Black, who is pro se, has not responded to the motion. After considering the motion, Black's second amended petition, other documents within the Record, and the applicable law, the court is of the opinion that the motion to dismiss should be GRANTED.

### I. BACKGROUND

Black was denied credit to purchase a home on December 10, 2019. Dkt. 1, Ex. Y. He is suing Experian and multiple other defendants who he claims violated various statutes, breached contracts, and committed torts that caused him to not obtain the credit for which he applied and to lose $160,000 in earnest money. *Id.* He filed his original petition in state court on August 2, 2021. Dkt. 1, Ex. B. Experian answered on August 30, 2021. Dkt. 1, Ex. K. Black filed a first amended petition in state court on October 21, 2021; Black did not name Experian as a defendant in this petition. Dkt. 1, Ex. T. On October 28, 2021, Black filed a proposed order that appears to also be a motion to dismiss his claims against Experian and five other defendants with prejudice; he re-

filed this document on November 12, 2021. *See* Dkt. 16, Exs. A, B. These proposed orders sought prejudicial dismissal. *See* Dkt. 16, Exs. A, B. The state court judge signed Black's proposed order dismissing these defendants, including Experian, with prejudice on November 29, 2021. Dkt. 1, Ex. AX. Even though the claims against Experian had been dismissed with prejudice, on December 22, 2021, Black filed his second amended petition, adding Experian as a defendant again. Dkt. 1, Ex. Y.

The second amended petition asserted a claim under the federal Fair Credit Reporting Act, which is the first federal claim Black had asserted in this lawsuit. *Id.* Defendant Webbank removed the case to this court on December 31, 2021, asserting that this court has jurisdiction under 28 U.S.C. § 1331 (federal question). Dkt. 1. Experian denied that it had been properly served with the second amended petition, but it otherwise consented to the removal. *Id.*

On January 12, 2022, Experian filed its motion to dismiss. Dkt. 16. Black did not file a response to the motion, and it is now ripe for disposition. Experian argues that Black's claims are all barred by res judicata, that the state law claims have incurable defects, and that the federal Fair Credit Reporting Act claim is barred by the statute of limitations as well as failure to meet the federal pleading standard. *Id.* Experian seeks prejudicial dismissal. *Id.* In the alternative, Experian moves for a more definite statement pursuant to Rule 12(e). The court will first address the res judicata and then, if necessary, address the statute of limitations argument and whether Black has met the pleading standard.

### III. RES JUDICATA

Res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been litigated in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Generally, a res judicata contention "cannot be brought in a

motion to dismiss" but must instead "be pleaded as an affirmative defense." *Test Masters Educ. Servs.*, 428 F.3d at 570 n.2. However, when it is "apparent on the face of the pleadings, res judicata may be an appropriate ground[] for dismissal." *Ray v. Kindred Hosp.*, No. 4:12–CV–1033, 2013 WL 4041334, at *2 (S.D. Tex. Aug.6, 2013) (citation omitted); *see also Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("[A] claim may . . . be dismissed if a successful affirmative defense appears on the face of the pleadings."). Additionally, when the court reviews motion to dismiss pursuant to a Federal Rule of Civil Procedure 12(b)(6), while the court is generally confined to the face of the complaint, "the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). A court may take judicial notice of prior pleadings. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

> Courts consider the following four elements to determine if res judicata precludes a claim:
>
> > (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

*Test Masters Educ. Servs.*, 428 F.3d at 571. As to the third factor, a "dismissal with prejudice is a final judgment on the merits" for claim preclusion purposes. *Brooks v. Raymond Dugat Co., L.C.*, 335 F.3d 360, 362 (5th Cir. 2003). With regard to the fourth factor, Texas courts use the "transactional test" to determine if the claims or causes of action are the same. *Test Masters Educ. Servs.*, 428 F.3d at 571. Under this test, "a prior judgment's preclusive effect extends to all rights

of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.*

The state court's order dismissing Black's claims against Experian with prejudice clearly precludes Black from re-asserting the same claims against Experian again. These claims include claims under the Texas Fair Debt Collection Practices Act ("TDCA") and the Texas Business and Commerce Code's Deceptive Trade Practices Act ("DTPA") relating to Experian's alleged "false reporting in violation of the TDCA." Dkt. 1, Ex. B. The original petition also includes a conclusory breach of contract claim and libel and defamation claims related to publishing erroneous statements about Black's credit. *Id.* Black asserts claims in the second amended petition against Experian for violations of the TDCA, the DTPA, the federal Fair Credit Reporting Act ("FCRA"), breach of contract, and libel.[1] Dkt. 1, Ex. Y. The TDCA, DTPA, breach of contract, and libel claims are all the same exact claims asserted before or at the least relate to the exact same transaction or series of connected transactions as the claims that were dismissed with prejudice by the state court.[2] Accordingly, Black's claims against Experian under the TDCA and DTPA as well as his breach of contract and libel claims in the live petition are DISMISSED WITH PREJUDICE as precluded by the doctrine of res judicata.

Moreover, the newly added federal FCRA claim arises from the same transaction as the dismissed claims. All of Black's claims center on the fact that he could not get credit for a new

---

[1] The court reads the petitions in the light most favorable to Black, as it must when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). His claims are not altogether clear, but these are the claims the court construes from the allegations.

[2] Black did change the date of the alleged injury from December 10, 2018, to December 10, 2019. *See* Dkt. 1, Exs. B, T. Since the other facts, including the amount he lost in earnest money and the amount of the mortgage, is the same, the court construes this modification to the date as a clerical error with the original petition rather than as a wholly different transaction.

home purchase and lost his earnest money allegedly because of the way the defendants handled credit reporting. Because these claims could have been brought in the original petition and Black already agreed to a dismissal of the claims against Experian with prejudice relating to this failed home purchase, his newly added claims are precluded under the doctrine of res judicata. The FCRA claim asserted against Experian is thus DISMISSED WITH PREJUDICE.

## IV. Conclusion

All of Black's claims against Experian are precluded by the doctrine of res judicata. The court therefore need not consider Experian's other arguments for dismissal. Black's claims against Experian are hereby DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on March 11, 2022.

_____
Gray H. Miller
Senior United States District Judge