United States District Court
Southern District of Texas
**ENTERED**

March 17, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| J.B. BLACK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H- 21-04231 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § | |
| *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a motion to compel arbitration filed by defendant Citibank, N.A. Dkt. 23. Citibank contends that plaintiff J.B. Black's claims against it relate to his CitiBusiness AAdvantage World Mastercard account, and they are therefore governed by a binding arbitration agreement. *Id.* Citibank requests that the court compel arbitration and stay the litigation of Black's claims against Citibank pending arbitration. *Id.* Black did not respond to the motion. Pursuant to Southern District of Texas Local Rule 7.4, failure to respond to a motion will be taken as a representation of no opposition. S.D. Tex. L.R. 7.4. After considering the motion, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. LEGAL STANDARD**

The Federal Arbitration Act ("FAA") governs the motion to compel arbitration in this case. The FAA provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Determining whether parties should be compelled to arbitrate under the FAA involves two steps: "(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of the arbitration agreement."

*Klein v. Nabors Drilling USA, L.P.*, 710 F.3d 234, 236 (5th Cir. 2013).  Whether there is a valid agreement to arbitrate "is governed by ordinary state-law contract principles." *Id.*  The second inquiry is governed by the "federal substantive law of arbitrability." *Graves v. BP Am., Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S. Ct. 3346 (1985)).

The FAA expresses a presumption in favor of arbitration, and "any doubts concerning the scope of arbitration should be resolved in favor of arbitration."  9 U.S.C. § 2; *Mouton v. Metro. Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir. 1998); *see also Klein*, 710 F.3d at 237 (noting the court "resolve[s] ambiguities in favor of arbitration" when "determining the scope of a valid arbitration agreement").  Because of the strong presumption in favor of arbitration, the party opposing arbitration bears the burden to demonstrate either that the agreement is invalid or that the dispute is outside of the agreement's scope. *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004).  Section 3 of the FAA provides that, upon a showing that the issues involved in an action are properly referable to arbitration, the court "shall . . . stay the trial of the action until arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

## II. ANALYSIS

The two-step analysis under the FAA applies because the credit card transactions at issue here involve interstate commerce.  *See* Dkt. 23 at 9 n.3 (noting that the plaintiff resides in Texas and it is located in South Dakota).  Citibank provides the court with the credit card agreement and a declaration indicating that Black used his Citibank credit card, which is evidence of the first step—a valid and enforceable agreement to arbitrate. *See* Dkt. 23 & Booth Dec. Ex. 2 ("All Claims relating to your account, a prior related account, or our relationship are subject to arbitration, including Claims regarding the application, enforceability, or interpretation of this Agreement and

this arbitration provision."); Dkt. 23, Booth Dec. ¶ 8 (stating that Black used the card).  The credit card agreement is governed by federal and South Dakota law.  Dkt. 23, Booth Dec. Ex. 2 ("The terms and enforcement of this Agreement shall be governed by federal law and the law of South Dakota, where we are located.").  Under South Dakota law, use of a credit card constitutes an agreement with its terms.  S.D. Codified Laws § 54-11-9 ("The use of an accepted credit card . . . creates a binding contract between the card holder and the card issuer with reference to any accepted credit card . . . .").  Because Black used the card, he agreed to the terms of the credit card agreement with Citibank, which includes an agreement to arbitrate claims relating to his account.

Citibank also provides evidence supporting the second step—that the question at issue is within the scope of the agreement.  Black's allegations are not altogether clear, but they seem to be about the defendants' credit reporting.  *See* Dkt. 1-25.  It is clear from the live petition that Black contends a denial of credit to purchase a house is the fault of Citibank and other defendants, who allegedly breached contracts, violated various statutes, and committed libel.  *Id.*  Citibank's review of its records indicates that its relationship with Black is based on the credit card account, and all of Black's allegations against Citibank thus "relate to" his credit account with Citibank.  The arbitration agreement covers "[a]ll claims relating to [Black's] account." Dkt. 23, Booth Dec. Ex. 2.  The claims thus are within the scope of the arbitration agreement.

Citibank has met its burden of demonstrating that arbitration should be compelled, and Black did not respond with any arguments or evidence refuting Citibank's evidence.  The court therefore presumes he is unopposed to the motion.  Citibank's motion is GRANTED.

### III. CONCLUSION

Citibank's motion to compel arbitration and stay the case pending arbitration (Dkt. 23) is GRANTED.  Black's claims against Citibank must be asserted in an arbitration proceeding with

the American Arbitration Association in accordance with the terms of the arbitration agreement contained in the credit card agreement between Citibank and Black.  This action as it relates to the claims against Citibank is STAYED pending the completion of arbitration between these two parties.

If Black does not initiate arbitration within thirty days of the date of this order, Citibank is ORDERED to advise the court.

Signed at Houston, Texas on March 17, 2022.

Gray H. Miller
Senior United States District Judge

4