United States District Court
Southern District of Texas
**ENTERED**
May 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J.B. BLACK, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H- 21-04231 |
| § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., § | |
| *et al.*, § | |
| § | |
| *Defendants*. § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for judgment on the pleadings filed by defendant Early Warning Services, LLC ("EWS"). Dkt. 39. EWS asserts that plaintiff J.B. Black's claims fail because Black does not plead any facts showing that EWS violated any statutes or committed defamation or libel. *Id.* Black did not respond to the motion. Pursuant to Southern District of Texas Local Rule 7.4, failure to respond to a motion will be taken as a representation of no opposition. S.D. Tex. L.R. 7.4. After considering the motion and applicable law, the court is of the opinion that the motion should be GRANTED.

### I. RELEVANT PROCEDURAL HISTORY

Black, a pro se plaintiff, filed a hand-written petition against EWS and twelve other defendants in the 55th Judicial Court of Harris County on August 2, 2021. Dkt. 1, Ex. B. EWS filed an answer to the original petition on August 30, 3031. Dkt. 1, Ex. J. Black filed his first amended petition on October 21, 2021. Dkt. 1, Ex. T. He filed a second amended petition on December 22, 2021. Dkt. 1, Ex. Y. On December 31, 2021, defendant WebBank removed the case to this court after obtaining consent from the other defendants, including EWS. Dkt. 1. WebBank based the removal on Black's assertion of a claim under the federal Fair Credit

Reporting Act in his second amended petition. *Id.*; *see* Dkt. 1, Ex. Y. EWS filed an answer to the second amended petition in this court on January 18, 2022. Dkt. 17. EWS now moves for judgment on the pleadings. Dkt. 39.

## II. Factual Background

In his second amended petition, Black asserts that EWS, along with several other defendants, is a "credit reporting agency," which he states is defined in Texas Finance Code section 392.001(4). Dkt. 1, Ex. Y. Black contends that he was denied financing for a residential home purchase and that he "would have closed the deal but for Defendants' statutory violations, breaching of contract, and other tortious acts." *Id.* The defendants all appear to be banks, creditors, or credit reporting agencies. *Id.* Black provides a laundry list of ways in which EWS and/or other defendants violated the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act, and the federal Fair Credit Reporting Act, and he contends that the defendants' actions, collectively, constitute defamation and libel. *Id.* He generally asserts breach of contract violations, but those claims appear to be asserted only against the "creditor" defendants, not the reporting agencies. *See id.*

## III. Legal Standard

Courts "evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The supporting

2

facts must be sufficient to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 1959. "Ultimately, the question for a court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *NuVasive, Inc. v. Renaissance Surgical Ctr.*, 853 F. Supp. 2d 654, 658 (S.D. Tex. 2012).

## IV. ANALYSIS

### A. Texas Debt Collection Act

EWS first asserts that Black's claims against it under the Texas Debt Collection Act ("TDCA") do not survive because the statute applies only to debt collectors, and there is no allegation that EWS is a debt collector or engaged in any debt collection activity. Dkt. 39. Instead, the second amended petition alleges that EWS is a "reporting agency." *Id.* (citing the second amended petition).

The second amended petition states that EWS is a "credit reporting agency" as defined in the Texas Finance Code section 392.001(4). Dkt. 1, Ex. Y. That section actually defines "credit bureau," not "credit reporting agency"; "credit bureau" is defined as "a person who, for compensation, gathers, records, and disseminates information relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, a person for the purpose of furnishing that information to another person." Tex. Fin. Code Ann. § 392.001(4). A TDCA "defendant must either be a 'third-party debt collector' or 'credit bureau' to be held liable under [sections 392.101 and 392.202]." *Lawry v. Bank of N.Y. Mellon Tr. Co., N.A.*, 797 F. App'x 152, 156 (5th Cir. 2019). Section 392.101 requires third-party debt collectors and credit bureaus to obtain a surety bond before engaging in debt collection, and section 392.201 requires a credit bureau to provide a copy of its file to a person who requests a copy within 45 days of the request. Tex. Fin. Code Ann. §§ 392.101, 392.201. Section 392.102 states that a "person who claims

against a bond for a violation of this chapter may maintain an action against the third-party debt collector or credit bureau and against the surety." Tex. Fin. Code Ann. § 392.102.  Thus, it appears that in some cases a "credit bureau" could be held liable under the statute.

That being said, the burden or duty on credit bureaus outlined in the TDCA is not applicable to the allegations in this case.  Black alleges that EWS, which is either a credit reporting agency or credit bureau under the terms of the petition, violated § 392.202 "by failing to properly investigate disputed matters on Plaintiffs' credit bureau [report] and further failed to accurately report Plaintiffs' dispute on Plaintiffs' credit bureau [report]."  Dkt. 1, Ex. Y.  Section 392.202 does not place a duty on a "credit bureau."  It requires an individual who notices an inaccuracy in the credit bureau's file to "notify in writing the *third-party debt collector* of the inaccuracy." Tex. Fin. Code § 392.202(a) (emphasis added).  The third-party debt collector then has the duty to "make a written record of the dispute."  *Id.*  The third-party debt collector has duties to investigate and, if an inaccuracy is found, advise any parties that received inaccurate reports (presumably including credit bureaus) of the inaccuracy.  § 392.202(a)–(c).  There are no obligations for credit bureaus in this section.

EWS is thus correct that, notwithstanding the significant leeway the court provides because Black is pro se, Black fails to state a claim against EWS under the TDCA.

B.	The Texas Deceptive Trade Practices Act

EWS asserts that Black's claim against it under the Texas Deceptive Trade Practices Act ("DTPA") fails because it is predicated on a finding that EWS is a debt collector subject to the TDCA.  Dkt. 39.  Indeed, in the second amended petition, Black asserts that the defendant "reporting agencies['] collective violations of the TDCA further constitute a violation of a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code . . . ."

4

Dkt. 1, Ex. Y.  Under § 392.404 of the TDCA, a "violation of [the TDCA] is a deceptive trade practice under Subchapter E, Chapter 17 (Deceptive Trade Practices), Business & Commerce Code, and is actionable under that subchapter."  Tex. Fin. Code Ann. § 392.404.  Since Black predicates his DTPA claim on the TDCA and has not stated a claim under the TDCA, he likewise has not stated a claim under the DTPA.

C.     **Libel and Defamation**

EWS contends that Black's libel and defamation claims should be dismissed because the second amended petition does not identify what statements they allegedly made that were defamatory or libelous but, even if it did, under the plain terms of the second amended petition, the claims are barred by the statute of limitations.  Dkt. 39.  In the second amended petition, Black's main complaint is that he was denied financing on December 13, 2019.  Dkt. 1, Ex. Y.  He believes he would have "closed the deal but for the Defendants' statutory violations, breaching of contract, and other tortious acts."  *Id.*  However, he did not file suit until August 2, 2021.  *See* Dkt. 1 (notice of removal) & Exs.  Under Texas law, the statute of limitations for a libel or defamation claim is one year.  Tex. Civ. Prac. & Remedies Code Ann. § 16.002(a); *see Williamson v. New Times, Inc.*, 980 S.W.2d 706, 710 (Tex. 1998) (agreeing that if the "primary gravamen of [a plaintiff's] cause of action is libel and slander," the one-year statute of limitations applies).  The statute of limitations generally accrues when the allegedly defamatory material is circulated or published, but the discovery rule may toll accrual.  *Deaver v. Desai*, 483 S.W.3d 668, 674–75 (Tex. App.—Houston [14th Dist.] 2015, no pet.).  The discovery rule only applies "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable."  *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 930 (Tex. 2011).

5

First, Black did not provide enough information to state a plausible claim for libel or defamation. He says all the defendants published untrue statements, but he does not identify the statements. Second, even if he had identified the statement or statements that EWS allegedly made or published, there is no question that Black was in the position to discover any alleged defamation or libel on the part of the defendants on the date he did not obtain his financing. Thus, the one-year statute of limitations had already run by the time he decided to file suit. This is clear from the facts asserted in the second amended petition, and thus can be determined at the motion to dismiss stage. *See Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) ("'A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.'" (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

EWS's motion to dismiss Black's libel and defamation claims is GRANTED.

**D.     Fair Credit Reporting Act**

EWS argues that Black fails to plead any facts to support a federal Fair Credit Reporting Act ("FCRA") claim against it. Dkt. 39. It asserts that there are no facts or allegations that specifically address what sections of the FCRA EWS allegedly violated or how EWS allegedly violated those section. *Id.*

In the second amended petition, Black asserts that EWS and other defendants failed "to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and personal information as required by the FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations." Dkt. 1, Ex. Y. He further contends, notwithstanding EWS's argument that no section is mentioned, that the defendants "continue to

6

willfully, maliciously and negligently violate FCRA 1681(e)(B) on multiple occasions." *Id.* Additionally, he asserts that the defendants "failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their databank as required by the FCRA," and he alleges that they "failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their databank as required by the FCRA." *Id.*

EWS argues that even if Black is attempting to assert his claim under § 1691(e)(b) of the FCRA, he lumps multiple defendants together in making his assertions, and this does not satisfy the pleading standard. Dkt 39 (citing *Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-3435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016)). EWS further asserts that it is a nationwide specialty credit reporting agency and does not furnish reports to lenders and, moreover, Black does not allege that EWS provided any reports to any lender. *Id.* Moreover, EWS asserts that any claims under the FCRA should be dismissed under the FCRA's applicable two-year statute of limitations because he alleges he was denied financing on December 13, 2019, and he did not file any FCRA claims until December 22, 2021. *Id.*

First, the court agrees with EWS that Black has not adequately stated his FCRA claim against EWS. While, contrary to EWS's assertion, Black does mention which provision of the FCRA he is asserting his claim under, he lumps all the defendants together and does not state that EWS provided any reports to any lender. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

7

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, Black fails to state a claim for which relief can be granted.

Moreover, even if he had been more specific, it is clear from the face of the pleadings that the FCRA claim is barred by the two-year statute of limitations. *See* 15 U.S.C. § 1681p (setting the limitations period at the earlier of "2 years after the date of discovery by the plaintiff of the violation" or "5 years after the date on which the violation that is the basis for such liability occurs"). Black did not add his FCRA claim until he filed his second amended petition on December 22, 2021; this claim formed the basis for removal to federal court. Taking the claims in the second amended petition as true, this is more than two years after Black was denied financing to purchase a new home on December 13, 2019. If Black's contention is that EWS provided some kind of negative credit report that impacted the lenders' evaluation of his file, this report must have happened before the date he was denied financing, and he could have discovered it as of the date financing was denied.

### E. Prejudicial Dismissal

EWS requests that the court dismiss all of the claims Black asserts against it with prejudice. Dkt. 39. "When dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). However, if the plaintiff has already been "given ample opportunity to amend" his complaint and refuses to do so, prejudicial dismissal is warranted. *Id.* at 98. Additionally, "a district court may dismiss with prejudice if the plaintiff has been given adequate opportunity to cure the inadequacies in his pleading or if the pleadings 'demonstrate that the plaintiff has pleaded his *best case*.'" *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (per curiam).

Here, Black has been given multiple opportunities to amend his complaint while it was still in state court—he is on the second amended petition. He has not, however, amended his pleading since the case was removed to federal court. With the exception of one recent filing, Black has not even been participating in the case since it was removed. However, even if the court were to provide Black with one more opportunity to amend so that he can attempt to meet the federal pleading standard, given the findings above, an amendment would be futile. There simply is no way to hold EWS liable under the TDCA and DTPA for the types of allegations in this case, and the statute of limitations has expired on the other claims. Accordingly, EWS's motion for prejudicial dismissal is GRANTED.[1]

### V. Conclusion

EWS's motion to dismiss is GRANTED. Black's claims against EWS are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on May 5, 2022.

_____
Gray H. Miller
Senior United States District Judge

---

[1] Since Black is pro se and did not respond to the instant motion to dismiss, the court reminds him that he must abide by the deadlines in the Federal Rules of Civil Procedure if he wishes to seek reconsideration of this order.