Case 4:21-cv-04231 Document 54 Filed on 06/02/22 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. BLACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-21-04231 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a document filed by pro se plaintiff J.B. Black that the court has construed to be a motion to reconsider its order compelling arbitration with Defendant Citibank N.A. Dkt. 41. After considering the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

Black's complaint in this case centers around the fact that he applied for and was denied financing to obtain a mortgage. *See* Dkt. 1-25 (second amended petition). The case was removed to federal court on December 31, 2021. Dkt. 1. Citibank is one of numerous defendants. *See id.*

Citibank filed a motion to compel arbitration on February 21, 2022. Dkt. 23 (motion to compel). Black did not timely file a response. Citibank provided evidence demonstrating that Black had used his Citibank credit card, thus indicating acceptance of the credit card agreement. Citibank also provided the credit card agreement, which has an arbitration clause. Dkt. 23 & Exs. On March 17, 2022, the court entered an order granting Citibank's motion to compel arbitration based on an arbitration clause contained in Black's credit card agreement with Citibank. Dkt. 38.

In the order granting Citibank's motion to compel arbitration, the court requested that Citibank notify the court if Black failed to initiate arbitration within thirty days, and on April 22, 2022, Citibank so advised that court that Black had not initiated an arbitration. Dkt. 40. Black soon thereafter filed a response to Citibank's notice regarding the arbitration, in which he explained that he did not initiate arbitration because his complaint related to checks, not his Citibank credit card. Dkt. 41. The court construed this response to the notice as a motion to reconsider. *See* Dkt. 43. The court gave Citibank twenty-one days to respond to the motion to reconsider, and it advised Black that he must file a reply within seven days of the response if he wanted his reply to be considered. *Id.* Citibank filed its response, but Black did not file a reply. *See* Dkt. 49. The motion to reconsider is now ripe for consideration.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not formally provide for a motion for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). A motion to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which governs motions to reconsider orders that do not dispose of every claim. Fed. R. Civ. Pro. 54(b); *see, e.g., Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) (holding that a district court erred in applying Federal Rule of Civil Procedure 59(e) to an interlocutory order and noting that Rule 54(b) applies to interlocutory orders); *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002) ("Where . . . the motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is the Rule 54(b) grant of discretion to the district courts."). An order compelling arbitration is an interlocutory order. *See, e.g., Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 303 (5th Cir.

2016). Accordingly, the court analyzes Black's motion for reconsideration of the court's order compelling arbitration under Rule 54(b).

An order governed by Rule 54(b) "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b). In considering a Rule 54(b) motion, courts may look to Federal Rule of Civil Procedure 59(e), which governs a motion to amend a final judgment when the motion is filed within twenty-eight days of the contested judgment. Fed. R. Civ. Pro. 59(e); *see Livingston*, 259 F. Supp. 2d at 475–76. To obtain relief under Rule 59(e), the movant must show new evidence, new case law, manifest injustice, or a manifest error of law or fact. *Arceneaux v. State Farm Fire & Cas. Co.*, No. 07-7701, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008). But the standard of review for a Rule 54(b) motion is "typically held to be less exacting" than the standard for Rule 59(e) motions, and the court has broad discretion to revise orders under Rule 54(b). *Id.* at 475. Under Rule 54(b), the trial court can reconsider and reverse its decision for any reason it deems sufficient. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

### III. ANALYSIS

The court originally granted Citibank's motion to compel arbitration because Citibank demonstrated that arbitration was appropriate. *See* Dkt. 38. Black's second amended petition, which is the most recent petition, does not provide specific information about how each individual defendant allegedly violated the statutes, breached contracts, or committed torts listed in the petition. *See* Dkt. 1, Ex. Y. Citibank thus asserted that the vague allegations about Citibank in Black's complaint must relate to the only relationship it found that it had with Black, a Citibank credit card. Dkt. 38. Black originally did not provide a response, and the court, finding that there

was an arbitration clause agreeing to arbitrate disputes in Black's agreement with Citibank, granted Citibank's motion to compel. Dkt. 38.

In the motion to reconsider, Black contends that he did not seek arbitration after the court granted Citibank's motion to compel arbitration because his lawsuit against Citibank "pertains to a fraudulent checking account that was made using [Black's] identity and reported to Early Warning Systems and arbitration [thus] would not be appropriate." Dkt. 41. In its response, Citibank asserts that whether Black's claims relate to the credit card account or a checking account, they are subject to the broad arbitration agreement in the credit card agreement. Dkt. 49. Citibank additionally points out that the agreement reserves the question of arbitrability to the arbitrator. *Id.* Black again did not respond.

Under the Federal Arbitration Act, "arbitration is a matter of contract, and courts must enforce contracts according to their terms." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct 524, 529 (2019). Parties may agree to have an arbitrator determine the threshold question of arbitrability, and when they do so "a court may not override the contract." *Id.* The court must first determine, however, that a valid arbitration agreement exists, and any determination that the agreement delegates the question of arbitrability must be made with "'clear and unmistakable' evidence." *Id.* at 530 (quoting *First Options of Chi., Inc. v. Kaplan*, 415 U.S. 938, 944, 115 S. Ct. 1920 (1994)). "[I]f a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, *a court may not decide* the arbitrability issue." *Id.* (emphasis added).

Here, the credit card agreement contains a very broad arbitration clause that indicates that all claims "relating to [Black's] account, a prior related account, *or our relationship* are subject to arbitration." Dkt. 49 at 7 (quoting the agreement, which can be found at Dkt. 23, Booth Dec. at Ex. 2) (emphasis added). The agreement also states: "Claims regarding the application,

4

enforceability, or interpretation of this Agreement and this arbitration provision" are subject to arbitration. Dkt. 23, Booth Dec. Ex. 2 at 12.

The court does not have a great deal of information about Black's claims against Citibank, but the arbitration clause is extremely broad and does, indeed seem to encompass Black's claims as the court understands them. Moreover, it is a valid agreement, and even if it does not cover Black's current claim, the agreement requires that an arbitrator must determine that the claims are not arbitrable. Therefore, this court may not decide the arbitrability issue.

## IV. CONCLUSION

Because Black's credit card agreement with Citibank contains an agreement to arbitrate all disputes relating to his Citibank account or his relationship with Citibank and because it also contains an agreement that the arbitrator will determine any questions relating to arbitrability, Black's motion to reconsider the court's order compelling arbitration is DENIED.

Additionally, this case is STAYED with regard to Black's claim against Citibank pending arbitration *except* that the parties are ORDERED to submit a status report in thirty days advising whether arbitration has been initiated.[1]

Signed at Houston, Texas on June 2, 2022.

Gray H. Miller
Senior United States District Judge

---

[1] The court has no interest in Black's claim against Citibank remaining on its docket indefinitely if Black does not intend to pursue arbitration.

5