UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J.B. BLACK, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-21-04231 |
| § | |
| EXPERIAN INFORMATION SOLUTIONS, INC., § | |
| *et al.*, § | |
| § | |
| *Defendants*. § | |

# MEMORANDUM OPINION AND ORDER

Pending before the court is a motion for a more definite statement filed by defendants Comcast of Houston, LLC and Comcast Cable Communications, LLC (collectively "Comcast"). Dkt. 51. Plaintiff J.B. Black, who is pro se, has not filed a response to the motion. Under Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. After considering the motion, the second amended petition, Local Rule 7.4, and the applicable law, the court is of the opinion the motion should be GRANTED.

## I. BACKGROUND

Black filed suit against numerous defendants in state court on August 2, 2021. Dkt. 1, Ex. B. Black asserted claims for breach of contract, libel, and various violations of Texas statutes because he was denied financing to purchase a home after providing $160,000 in equity. *Id.* He contended that the defendants did not accurately report his credit information, among other claims. *Id.*

Black amended his claims on October 21, 2021, and he amended his claims again on December 22, 2021. *See* Dkt. 1. On December 31, 2021, the case was removed to federal court by another defendant. *See id.* When the notice of removal was filed, the Comcast entities, which

had been named in the amended petitions, had not been served. Dkts. 1, 51. Comcast of Houston LLC was served with a service of summons, though no copy of the live petition, on April 20, 2022. Dkt. 51. Comcast obtained the live petition on the court's docket, and it filed its motion for a more definite statement on May 19, 2022. *Id.* Comcast asserts that it is "at a loss as to what allegations Plaintiff is making" against Comcast in this case. *Id.*

In Black's second amended petition, he asserts claims against Comcast and multiple other companies for breach of contract, Texas Debt Collection Act ("TDCA") violations, Fair Credit Reporting Act ("FCRA") violations, Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") violations, defamation, and libel. Dkt. 1-25; *see* Dkt. 51. He alleges that Comcast is a "Reporting Agency" as defined in the Texas Finance Code section 392.001(4).[1] Dkt. 1-25. He contends that Comcast and the other "Reporting Agencies" caused him to lose equity in the real property he wanted to purchase and that the actions of these defendants "constitute[s] willful noncompliance with the TDCA." *Id.* He provides a laundry list of failures on the part of the defendants as a group, such as failure to accurately report credit information, delete unverified debt, and delete debt as a result of identity theft. *See id.* He further says that Comcast of Houston, along with fourteen other companies, violated section 392.202 of the TDCA by failing to properly investigate disputed matters on Black's credit or failing to remove disputed items. *Id.* He asserts that the defendants' actions are a violation of the DTPA, and he summarily asserts that the defendants are strictly liable to him for defamation and libel. *Id.*

---

[1] This section does not define "reporting agency"; it defines a "credit bureau" as "a person who, for compensation, gathers, records, and disseminates information relating to creditworthiness, financial responsibility, and paying habits of, and similar information regarding, a person for the purpose of furnishing that information to another person." Tex. Fin. Code Ann. § 392.001(4).

Comcast argues that Black does not even list Comcast Cable Communications in any of its factual allegations, and Comcast of Houston is lumped in with a large group of other defendants against whom Black's assertions are too vague and ambiguous to prepare an adequate response. Dkt. 51. Comcast notes that Black "generally asserts all allegations against all defendants, regardless of what service each defendant provided, or what relationship, if any, each entity had with [Black]." *Id.* It thus has no idea what alleged actions it must defend against. *Id.* Comcast requests in its motion that the court require Black to submit a more definite statement of his claims against Comcast and, if he fails to do so, dismiss the claims against Comcast with prejudice. *Id.*

Black failed to respond in a timely manner, and the motion for a more definite statement is now ripe for disposition.

## II. LEGAL STANDARD

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, motions for more definite statement are "generally disfavored." *Lehman Bros. Holdings, Inc. v. Cornerstone Mortg. Co.*, No. H-09-0672, 2009 WL 1504977, at *1 (S.D. Tex. May 28, 2009) (Rosenthal, J.) (collecting authorities). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Id.* If a court determines that Rule 12(e) relief is appropriate, if the order for a more definite statement "is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

### III. ANALYSIS

While in some situations a plaintiff can refer to defendants collectively in a complaint and it is still clear what the claims are against each defendant, this is not that type of situation. Black contends that Comcast (and all the other defendants) breached a contract without identifying what type of contract it is. He alleges a long list of Texas statutory violations by multiple defendants collectively, but he does not state what failures are allocated to Comcast as opposed to the many other defendants. Black alleges defamation and libel but does not identify a specific defamatory statement or libelous publication and instead alleges that all defendants "published erroneous statements regarding Plaintiff's credit information asserting it as a fact." Dkt. 1-25. And Black does not even include any allegations against Comcast Cable Communications (as opposed to Comcast of Houston); he merely lists it as a party. *Id.*

The court agrees with Comcast that a more definite statement is needed before Comcast can reasonably prepare a response. While Rule 12(e) motions are disfavored, in this situation, the defendants must know which claims Black is asserting against them specifically and at least some basic facts about what relationship each of these defendants have with him. While certainly there is some appeal to having a "short and plain statement" (*see* Fed. R. Civ. P. 8), it has to be "plain"; this complaint asserting multiple claims against eighteen different defendants collectively is not. Black needs to give more details about how Comcast's actions, specifically, led to Black's damages.

### IV. CONCLUSION

Comcast's motion for a more definite statement under Rule 12(e) (Dkt. 51) is GRANTED. Black is ORDERED to amend his petition to more clearly indicate what his relationship with each Comcast defendant is, what type of contract he had with each Comcast defendant, what actions

4

each Comcast defendant took that Black believes put them in breach of the contracts and/or violated Texas and federal statutes, and what statements the Comcast defendants made that Black alleges were defamatory and/or libelous. The Comcast defendants—and all the defendants—must be able to figure out what Black is accusing them of so that they can formulate answers and this case can move on to discovery.

Black is ORDERED to file an amended complaint within fourteen days of the date of this order. If Black fails to do so, the court will dismiss Black's claims against the Comcast defendants.

Signed at Houston, Texas on June 27, 2022.

_____
Gray H. Miller
Senior United States District Judge