United States District Court
Southern District of Texas
**ENTERED**
February 28, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J.B. Black, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-CV-04231 |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | |
| INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendant Bristol West Insurance Company's ("Bristol") Motion to Dismiss (Doc. No. 56), Defendant Accutrend Data Corporation's ("Accutrend") Motion to Dismiss (Doc. No. 68), Synchrony Bank's ("Synchrony") Motion for Judgment on the Pleadings (Doc. No. 73), Defendant Elan Financial Services' ("Elan Financial") Motion to Dismiss (Doc. No. 76), and Defendants WebBank and LendingClub Corporations' ("LendingClub") Motion for Summary Judgment. (Doc. No. 77).[1] Plaintiff J.B. Black ("Plaintiff" or "Black") is *pro se* and has not responded to any of the motions. After considering the motions and the applicable law, the Court **GRANTS** all of the above-listed pending motions. (Doc. Nos. 56, 68, 73, 76, 77).

### I. Background

Plaintiff brought this lawsuit to recover "negotiated equity." Specifically, Plaintiff claims that he was denied financing for a residential home purchase and that he "would have closed the deal but for Defendants' statutory violation, breaching of contract, and other tortious acts." (Doc. No. 1-25).

---

[1] The Court will refer to Bristol, Accutrend, Synchrony Elan Financial, WebBank, and LendingClub collectively as the "Defendants."

Plaintiff originally filed his case in Texas state court. While in state court Plaintiff amended his Original Petition twice. The Second Amended Original Petition—the controlling pleading—contained allegations that Defendants' actions and statements constituted libel/defamation, that the Defendants breached various contracts, and that they violated Texas Debt Collection Act ("TDCA"), the Texas Deceptive Trade Practice Act ("DTPA"), and the Fair Credit Reporting Act ("FCRA"). (Doc. No. 1-25). The federal FCRA claims were asserted for the first time in the Second Amended Original Petition and were the basis for Defendant WebBank's removal to this Court.

Since removal, this Court has dismissed several Defendants, including Defendants Experian Information Solutions Inc., Truist Bank, Early Warning Services LLC, Citibank, Prosper Marketplace Inc., Comcast of Houston LLC, and Comcast Cable Communication LLC, but some defendants remain.[2] Before the Court are four motions to dismiss, a motion for judgment on the pleadings, and a motion for summary judgment. The Court will address the merits of the motions together since they present similar arguments and reasoning.

## II. Legal Standards

A. Motion to Dismiss and Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 544-545 (5th Cir. 2010). A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To

---

[2] From the record, it appears that neither Woodforest National Bank nor C U Financial Group, LLC have appeared. That said, as far as the Court can tell Plaintiff has not served either party. Additionally, Defendant Mercury Insurance Company wrote a letter to Plaintiff and filed it with the Court. (Doc. No. 44). The letter advises Plaintiff that he has served the wrong company. Plaintiff did not respond to the letter and has not dismissed Mercury Insurance Company from the suit.

defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### B. Motion for Summary Judgment

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

3

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Discussion

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty-one days after filing. Under Local Rule 7.4, a failure to respond will be taken "as representation of no opposition." *See* Local Rule LR7.4. Furthermore, Rule 7.4(a) plainly states that such responses must be filed by the submission date. *Id.*

The Fifth Circuit, however, has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1986). In fact, the Fifth Circuit has explicitly held that "failure to oppose a 12(b)(6) motion is not in itself grounds for granting the

4

motion." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). Therefore, a dismissal pursuant to the local rules based solely on Plaintiff'a failure to respond to Defendant's motions would be improper.

Since a dismissal based solely on the local rules and Plaintiff's failure to respond would be improper, this Court will address the merits of the motions.

A. Texas Debt Collection Act

Defendants first contend the Court should dismiss Plaintiff's TDCA claims because they are not debt collectors, credit reporting agencies, or credit bureaus and thus are not subject to the TDCA. (Doc. Nos. 56 at 3, 68 at 12, 7 at 4, 76 at 6, 77 at 13). Alternatively, Defendants argue even if they are subject to the TDCA, Plaintiff's Second Amended Original Petition does not contain sufficient factual allegations to survive dismissal.

To sustain a claim under the TDCA, a plaintiff must show "(1) the debt is consumer debt; (2) the defendant is a debt collector as defined by the TDCA; (3) the defendant committed a wrongful act in violation with the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *Birchler v. JPMorgan Chase Bank*, No. 4:14-CV-81, 2015 WL 1939438, at *5 (E.D. Tex. Apr. 29, 2015). (citing Tex. Fin. Code Ann. §§ 392.001–392.404). As defined in the TDCA, a "debt collector" is a person who engages in debt collection. Tex. Fin. Code Ann. § 392.001(6). "Debt collection" means an action, conduct or practice in collecting consumer debts that are due or alleged to be due to a creditor. § 392.001(5). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "a formulaic recitation of a cause of action's elements will not do." *Id.* at 545.

5

In the Second Amended Original Petition Plaintiff specifically refers to Defendants as "Reporting Agencies" as defined in Texas Finance Code Section 392.001(4). (Doc. No. 1-25 at ¶ 24). That section, however, defines "credit bureau." Tex. Fin. Code Ann. § 392.001(4) (" 'Credit bureau' means a person who, for compensation, gathers, records, and disseminates information relating to the creditworthiness, financial responsibility, and paying habits of, and similar information regarding, a person for the purpose of furnishing that information to another person."). As discussed in this Court's previous order, there are certain scenarios where credit bureaus are subject to the TDCA, but "the burden or duty on credit bureaus outlined in the TDCA is not applicable to the allegations in this case." (Doc. No. 46 at 4). In this case, Plaintiff states that "Defendant reporting agencies violated § 392.202 by failing to properly investigate disputed matters on Plaintiffs' credit bureau and further failed to accurately report Plaintiffs' dispute on Plaintiffs' [sic] credit bureau [report.]" (Doc. No. 1-25 at ¶ 32). Section 392.202 does not place such a duty on a "credit bureau." Rather, that section refers to obligations placed on third-party debt collectors. *See* Tex. Fin. Code Ann. § 392.202. Defendants are thus correct; Plaintiff fails to state a claim against them under the TDCA.

It is also worth noting that Plaintiff's Second Amended Original Petition does not contain any facts whatsoever that relate to the TDCA claim. Instead, the Petition states the

> Defendant reporting agencies violated § 392.202 by failing to properly investigate disputed matters on Plaintiffs' credit bureau and further failed to accurately report Plaintiffs' dispute on Plaintiffs' credit bureau. Further, Defendant reporting agencies failed to properly remove the disputed items when the Defendant creditors failed to timely reply to Plaintiff's written inquiry in violation of TDCA.

(Doc. No. 1-25). These allegations are conclusory and without factual support. Plaintiff never specifies what matter he disputed, to whom he disputed them, who he notified, or what steps any defendant took to investigate the dispute. Therefore, the Court is not bound to accepting these

allegations as factual allegations. *See Papasan v. Allain*, 106 S.Ct. 2932 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Since Plaintiff's allegations against Defendants mirror those Plaintiff made against Early Warning Services LLC, and the Court previously found in favor of Early Warning Services LLC on this exact argument (Doc. No. 46), the claims against Defendants are likewise dismissed for failure to adequately state a claim under which relief may be sought.

As to Defendants WebBank and LendingClub's Motion for Summary Judgment, having not responded to any of the above-discussed arguments, Plaintiff has not brought forth any evidence to create a genuine issue of material fact on this point. Thus, the Court grants the Motion for Summary Judgment as it relates to the TDCA claims.

### B. Deceptive Trade Practices Act

Next, Defendants argue the Court should dismiss (or grant their Motion for Summary Judgment as to) Plaintiff's DTPA cause of action since it is wholly based on the meritless TDCA claim. (Doc. Nos. 56 at 4, 68 at 12, 74 at 4, 76 at 8, 77 at 15).

Plaintiff does not plead an independent basis for his DTPA claim. Instead, he maintains that the "Defendants reporting agencies collective violations of the TDCA further constitute a violation of a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA")." (Doc. No. 1-25 at ¶ 33).

Since Plaintiff's claim under the TDCA fails, Plaintiffs claim under the DTPA also fails. *Richardson v. SV Almeda I Ltd. P'ship*, 2013 WL 4680392, at *15 (holding trial court did not err in granting summary judgment on a claim under the DTPA tie-in-statute where the claim was based on a failed claim under the TDCA); *Sanders v. Am. Home Mortg. Servicing, Inc.*, No. 04-13-00845-CV, 2015 WL 794494, at *5 (Tex. App.—San Antonio Feb. 25, 2015, no pet.) ("Because

7

the Sanderses' DTPA claim is based solely on their TDCA claim and we have determined the trial court properly granted American Home's no evidence summary judgment motion as to the Sanderses' TDCA claim, it follows that the trial court properly granted summary judgment as to the Sanderses' DTPA claim."). The Court therefore grants the Motions to Dismiss, Motion for Judgment on the Pleadings, and the Motion for Summary Judgment as they concern Plaintiff's DTPA claim.[3]

### C. Libel and Defamation

Defendants contend the Court should dismiss Plaintiff's libel and defamation claims because he insufficiently pled them. (Doc. Nos. 56 at 5, 68 at 13, 74 at 5, 76 at 9–10, 77 at 16). Alternatively, Defendants argue the statute of limitations bars Plaintiff's libel and defamation claims. *Id.*

Under Texas law, defamation requires a plaintiff to sufficiently allege, *inter alia*, a defamatory statement. *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378, 383 (5th Cir. 2019) (quoting *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017)). The plaintiff must identify "specific defamatory statements[.]" *Stukes v. Nehls*, 614 F. App'x 792, 794 (5th Cir. 2015) (per curiam). "A statement is defamatory 'if it tends to injure a person's reputation and thereby expose the person to public hatred, contempt, ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation.' " *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 (5th Cir. 2019). Moreover, "to state a claim for defamation, it is necessary that the defamation be clear and unmistakable from the words themselves and not the product of innuendo, speculation

---

[3] This holding follows the Court's previous Order in which It stated, "[s]ince Black predicates his DTPA claim on the TDCA and has not state a claim under the TDCA, he likewise has not stated a claim under the DTPA." (Doc. No. 46 at 5).

8

or conjecture. *Mitchell v. Random House, Inc.*, 703 F. Supp. 1250, 1256 (S.D. Miss. 1988), aff'd, 865 F.2d 664 (5th Cir. 1989) (citations omitted).

Defendants argue Black's claims fail because he does not sufficiently allege any statement that constituted libel or defamation. Examining Plaintiff's Second Amended Original Petition, it does not mention any specific statements made by any specific defendant, fails to provide the Court with any context of statements, and does not explain why or how the statements are false. Instead, Plaintiff writes his credit rating was destroyed "by Defendants false and defamatory derogatory entries" (Doc. No. 1-25 at ¶ 46); "[t]hrough the Defendant's actions, inactions and conduct. [sic] The Defendants have willful intent to injure and/or maliciously defamed the Plaintiff" (Doc. No. 1-25 at ¶ 31); and

> Defendants' aforementioned acts constitute defamation. Specifically, Defendants published erroneous statements regarding Plaintiffs' credit information asserting it as a fact. The statement involved a private matter. The statements referred to Plaintiff directly. The statements were defamatory because they were untrue. The statements were false because the information was in error. The statements were libelous because they were written and published to non privileged third-parties with notice and negligence.

(Doc. No. 1-25 at ¶ 37). Black never identified what the libelous or defamatory statements were or who said them. Having no words to examine, the Court is clearly unable to tell whether defamation or libel is clear and unmistakable from the words of the statement. Considering the conclusory nature of Plaintiff's allegations, the Court finds that he has failed to allege a defamatory or libelous statement.

Further, even if Black had properly specified the statements Defendants allegedly made or published, the statute of limitations would bar his claim. Under Texas law, the statute of limitations for libel and defamation claims is one year. Tex. Civ. Prac. & Rem. Code § § 16.002(a), 16.003(a); *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 741 (5th Cir. 2019). In a defamation or libel case, a claim accrues when the allegedly defamatory or libelous material is published. *Id.* at 742.

9

In Plaintiff's Second Amended Original Petition, he alleges that he "was denied financing in a primary residential home" on December 13, 2019. (Doc. No. 1-25 at ¶ 28). Although the Petition is unclear as to what statements were made by who and when, they certainly had to have been published on or before December 13, 2019—the day he was denied financing. Thus, Black had until December 13, 2020, to file suit.[4] Unfortunately, he did not file suit until August 2, 2021, which is months after the statute of limitations passed. *See* Doc. No. 1.

Thus, the Court grants Defendants' motions as they relate to the defamation and libel causes of action.

### D. Fair Credit Reporting Act

Similar to the libel and defamation claims, Defendants maintain that Plaintiff did not sufficiently plead his FCRA claims. In the alternative, Defendants contend the FCRA claims are time barred by the statute of limitations. (Doc. Nos. 56 at 7, 68 at 8, 74 at 6, 76 at 13, 77 at 9).

In the Second Amended Original Petition, Black claims that Defendants "failed to adopt and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer credit and personal information as required by FCRA which it complied, used and manipulated in order to prepare consumer credit reports, credit scores, risk factors, denial codes and other economic and predictions data evaluations." (Doc. No. 1-25 at ¶ 31). Further, he argues the "Defendants continue willfully, maliciously and negligently violate FCRA 1681(e)(B) on multiple occasions." (Doc. No. 1-25 at ¶ 31). He also asserts that the defendants "failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their databank as required by the FCRA." (Doc. No. 1-25 at ¶ 31). Lastly, he contends the Defendants "failed to

---

[4] Plaintiff does not argue that the discovery rule applies to the case at hand.

adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their databank as required by the FCRA." (Doc. No. 1-25 at ¶ 31).

As previously stated by this Court, Black "lumps all the defendants together." (Doc. No. 46 at 7). Plaintiff does not specifically allege how any individual defendant violated the FCRA. For that reason, Black fails to state a claim under the FCRA. Moreover, even if Black had been more specific, as this Court previously determined, "it is clear from the face of the pleadings that the FCRA claim is barred by the two-year statute of limitations." (Doc. No. 46 at 8). Thus, the pending Motions to Dismiss and Motion for Judgment on the Pleadings are granted. *Del Castillo v. PMI Holdings N. Am. Inc*, No. 4:14-CV-03435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016 ("lumping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6)").

WebBank and LendingClub present a different argument in their Motion for Summary Judgment. The Motion for Summary Judgment states that the FCRA claims "fail as a matter of law because neither Moving Defendant is a CRA or data furnisher with respect to Plaintiff." (Doc. No. 77 at 9).

Plaintiff's Petition describes duties places on CRA's under Section 1681j(a), 1681e(b), 1681l(i). Under those sections, *CRAs* must prepare a consumer report and follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates and must conduct reasonable investigations of data that consumers dispute as inaccurate or incomplete. Under the FCRA, "consumer reporting agency" means "any person which, for monetary fee ... regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information." 15 U.S.C.A. § 1681a(f).

In their Motion, Defendants WebBank and LendingClub maintain that neither of them engaged in assembling or evaluating consumer credit information for the purpose of furnishing consumer reports to third parties. (Doc. No. 77 at 10). Since Plaintiff presented no evidence showing otherwise, Defendants WebBank and LendingClub cannot be held liable for violations of the FCRA that are placed solely on consumer reporting agencies.[5] The Court, therefore, grants Defendants' Motion for Summary Judgment as to the FCRA allegations.

### E. Breach of Contract

Lastly, Plaintiff alleged a breach of contract claim. Defendants argue the Court should dismiss this claim because Plaintiff failed to sufficiently plead it. (Doc. Nos. 56 at 6, 68 at 13, 74 at 5, 76 at 14. In the Motion for Summary Judgment, Defendants WebBank and LendingClub contend "there is no evidence that any contract ever existed between Plaintiff and either [of the] Defendant[s]." (Doc. No. 77 at 18).

In Texas, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380, 387 (5th Cir. 2007) (citations omitted). While al inferences are made in a manner favorable to the plaintiff, the plaintiff "must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir.2010). "Where the plaintiffs fail to adequately allege that the defendant breached the contract, the plaintiffs' claim must be dismissed under a Rule

---

[5] WebBank and LendingClub maintain that Plaintiff's credit reporting allegations could also be directed at data furnishers. *See* 15 U.S.C. § 1681s-2 (proscribing certain FCRA duties on data furnishers, which include but are not limited to the duty to furnish accurate information to CRAs and the duty to correct incomplete or inaccurate data). Since Plaintiff presented no evidence that either LendingClub or WebBank were furnishers of information with respect to Plaintiff, the Court likewise finds WebBank and LendingClub are not data furnishers under the FCRA.

12

12(b)(6) motion to dismiss." *Rodgers v. Ocwen Loan Servicing, LLC*, No. 3:15-CV-1886-G (BF), 2015 WL 8003209, at *3 (N.D. Tex. Dec. 7, 2015).

The Second Amended Original Complaint does not specify which particular defendant(s) breached its contract(s). Rather, Plaintiff makes conclusory statements, such as "[t]his matter arises from defendant creditor's breach of contract." (Doc. No. 1-25 at ¶ 25, 26, 28). Since there are no facts to support the breach of contract claim and Plaintiff did not present evidence of a contract between it and either WebBank or LendingClub, the Court grants the motions as they relate to the breach of contract cause of action. *See Rodgers*, 2015 WL 8003209, at *3 ("the plaintiffs do not plead any facts to support the breach of contract claim--only making a conclusory allegation, which is insufficient--that the defendants breached the security instrument.").

## IV. Conclusion

The Court hereby **GRANTS** Defendant Bristol West Insurance Company's ("Bristol") Motion to Dismiss (Doc. No. 56), Defendant Accutrend Data Corporation's ("Accutrend") Motion to Dismiss (Doc. No. 68), Synchrony Bank's ("Synchrony") Motion for Judgment on the Pleadings (Doc. No. 73), Defendant Elan Financial Services' ("Elan Financial") Motion to Dismiss (Doc. No. 76), and Defendants WebBank and LendingClub Corporations' ("LendingClub") Motion for Summary Judgment. (Doc. No. 77). They are dismissed with prejudice.

Signed at Houston, Texas, this 28th day of February, 2023.

Andrew S. Hanen
United States District Judge